IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH GARCIA,<br><br>                 *Plaintiff,*<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>                 *Defendant.* | Civil Action No. 2:22-cv-1090<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Kenneth Garcia ("Plaintiff") brought this *pro se* action in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, against Navy Federal Credit Union ("Defendant") because of his belief that it illegally repossessed his Honda Accord automobile. (ECF No. 1-1). In March 2022, he went outside of his home and discovered that his automobile was gone. Plaintiff contacted Defendant and stated that he "payed [sic] in full," and further alleges that he paid the lien on the automobile by drafting and sending Defendant an "affidavit of truth," "letter for inaccurate furnishing to the Consumer reporting agencies," and a "notice of default and opportunity to cure letter." (*Id.* at 5). In this lawsuit, Plaintiff requests a damages award of $25,045,000, costs, and "any other such relief the Court deems proper." (*Id.* at 6). Defendant removed the case to this Court. (ECF No. 1). Currently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint ("motion"). (ECF No. 16). For the following reasons, the motion will be granted.

## I. STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although this Court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

Complaints brought *pro se* are afforded more leeway than those drafted by attorneys. In determining whether to dismiss a complaint brought by a *pro se* litigant, a federal district court is "required to interpret the *pro se* complaint liberally." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Therefore, in keeping with its duty to "construe *pro se* complaints liberally ... [the Court] will consider" additional facts included in Plaintiff's filings that came after the complaint to the extent they are consistent with the allegations in the complaint. *Bush v. City of Philadelphia*, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005).

## II. ANALYSIS

### A. The Court will not grant dismissal based on Plaintiff's failure to meet basic pleading requirements.

A complaint must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction ...;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Moreover, "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). It is also helpful for a plaintiff to number each sentence of the complaint, with each sentence stating a fact that supports the plaintiff's claim for relief. *See* Fed. R. Civ. P. 10(b). Ultimately, a plaintiff must plead facts sufficient to show that his claim has substantive plausibility. *See generally Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014); *Iqbal*; *Twombly*. A district court may dismiss a complaint that does not comply with Rule 8 if the

3

"complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (citation omitted).

Defendant contends that this is such a case. However, as a *pro se* litigant, the Court is obliged to liberally construe Plaintiff's pleadings and consider whether he has articulated a colorable claim arising under federal law. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Plaintiff need not plead specific legal theories in his complaint so long as Defendant is on notice as to what issue is in the lawsuit. But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

The Court concurs with Defendant that Plaintiff has failed to set forth a single claim against it in numbered paragraphs or in a separate count in his Civil Complaint ("Complaint"). (ECF No. 1-1). It is difficult to ascertain the reason Plaintiff is suing Defendant other than his belief that Defendant took his automobile. Plaintiff has failed to plead his entitlement to bring a private cause of action. All he has done is cite to numerous federal statutes in the affidavit filed with his Complaint, some of which relate to criminal penalties while others relate to generally accepted accounting principles. He has pled no facts to support Defendant's alleged violation of any statues. Despite multiple opportunities, Plaintiff has not provided the Court with a short and plain statement of facts explaining the basis for relief against Defendant. The Court finds Plaintiff's submissions difficult to decipher. Nevertheless, it is apparent, as Defendant even acknowledges (*see* ECF No. 17, p. 9), that Plaintiff seems to be bringing a claim for breach of contract and abusive debt collection practices. Thus, the Court will not grant a dismissal based

on Plaintiff's failure to comply with the basic pleading requirements of Federal Rules of Civil Procedure 8 and 10.

Instead, Plaintiff's claims will be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

### B. Dismissal will be granted on the basis that Plaintiff has failed to state a claim upon which relief may be granted.

Congress intended the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C § 1692(e). The FDCPA prohibits debt collectors from engaging in certain practices deemed harmful to consumers including: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d; *see also* 15 U.S.C. § 1692b(5); 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). To bring a claim under the FDCPA, a plaintiff must allege that: "(1)[ ]he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Plaintiff has failed to do so.

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This statutory language focuses "on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, —— U.S. ——, 137 S. Ct. 1718, 1721 (2017). Specifically excluded from the definition's reach are, in relevant part, a creditor's officers and employees collecting debts for the creditor, a company collecting debts only for its non-debt-collector sister company, an entity collecting a debt it originated, and one collecting a debt it obtained that was not in default at the time of purchase. § 1692a(6)(A), (B), (F). "Creditors—as opposed to 'debt collectors'—generally are not subject to the [Act]." *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

    Plaintiff has come forth with no facts in his Complaint that Defendant is a debt collector, which is fatal to his claim. What's more, Plaintiff does not identify a single communication made by Defendants, either to him or any other person, regarding the collection of the alleged debt. Plaintiff further fails to provide any facts in his Complaint detailing the circumstances surrounding exactly how Defendant was an abusive debt collector. Plaintiff does not allege that Defendant made false representations, engaged in abusive conduct, used threats or profane language, or attempted to collect, solicit, or charge any amount of money in collecting (or attempting to collect) a debt. Even assuming for the sake of argument that the FDCPA applies to Defendant, Plaintiff provides no factual support for his argument that "Defendants did not show proof of any repossession, pre-sale, or post sale letter for the Honda Accord automobile." (ECF

No. 30. p. 3). Nothing pled within Plaintiff's Complaint supports an argument that the repossession of his automobile was unlawful. He has failed to plead facts that show the substantive plausibility of a claim under the FDCPA.

To the extent that Plaintiff is alleging some sort of breach of contract claim, it is inadequately pled. To state a breach of contract claim, Pennsylvania law requires that a plaintiff allege a valid contract, its breach and ensuing damages.[1] *See Ironshore Specialty Ins. v. Conemaugh Health Sys., Inc.*, 423 F. Supp. 3d 139, 150 (W.D. Pa. 2019); *see also McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010) (a breach of contract claim requires: 1) the existence of a contract and its terms; 2) a breach of the duty imposed by the contract; and 3) damages that resulted). Pennsylvania contract law recognizes the "firmly settled" point that "the intent of the parties to a written contract is contained in the writing itself." *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 92–93 (3d Cir. 2001) (quoting *Krizovensky v. Krizovensky*, 624 A.2d 638, 642 (Pa. Super. 1993)).

Plaintiff's Complaint fails to allege the elements of a contract. In fact, it does not allege that Plaintiff had a contract with Defendant. Assuming Plaintiff had a contract with Defendant, he does not state a provision, either express or implied, that was breached. His Complaint fails to reveal any factual or legal basis for a breach of contract claim.[2]

---

[1] Plaintiff has pled that he is a resident of Pennsylvania and that his car was seized in Pennsylvania. (ECF No. 1-1). Defendant has applied Pennsylvania law in its analysis of a contract claim. (ECF No. 17, p. 10). Since Plaintiff has not identified any state law that might apply to his claim or that presents an actual or real conflict with Pennsylvania law, the Court will apply Pennsylvania law.

[2] As Plaintiff has not pled facts upon which relief can be granted under federal law, the Court declines to exercise supplemental jurisdiction over any other remaining state law claims that Plaintiff is attempting to litigate. Supplemental jurisdiction "is a doctrine of discretion, not [a matter] of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Any remaining claims are strictly matters of state law. Where all federal claims are eliminated before

Because Plaintiff's Complaint has failed to state a claim under which relief may be granted, Defendant's motion will be granted. All claims against Defendant will be dismissed.

### III. CONCLUSION

The Court will grant Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 16) by Order of Court to follow. Although amendment is to be liberally granted under Rule 15, leave to amend will not be granted here due to its futility. All claims against Defendant will be dismissed with prejudice and this matter will be closed. Plaintiff's Motion for Summary Judgment (ECF No. 15) will be terminated as moot. Orders of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

__2/16/2023__
Date

---

trial, a federal court should normally hesitate to exercise jurisdiction unless considerations of judicial economy, convenience, and fairness to the litigants weigh in favor of keeping jurisdiction. *Id.* No such considerations are present here.